# IN THE SUPREME COURT OF THE STATE OF NEVADA

SOUTHERN CAPITAL
PRESERVATION, LLC,
Appellant,
vs.
GSAA HOME EQUITY TRUST 2006-5,
ASSET-BACKED CERTIFICATES
SERIES 2006-5, U.S. BANK NATIONAL
ASSOCIATION, AS TRUSTEE,
Respondent.

No. 72461

FILED

MAR 1 5 2018

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

## ORDER OF REVERSAL AND REMAND

This is an appeal from a district court order denying a motion for judgment as a matter of law or for a new trial in a quiet title action. Eighth Judicial District Court, Clark County; Joseph Hardy, Jr., Judge.[1]

Having considered the parties' arguments and the record, we conclude that the district court erroneously denied appellant's motion for judgment as a matter of law. *See Nelson v. Heer*, 123 Nev. 217, 223, 163 P.3d 420, 425 (2007) (reviewing de novo a district court's decision on a motion for judgment as a matter of law). In particular, Jury Instruction 50 correctly provided that a low price at a foreclosure sale is insufficient by itself to justify setting aside the sale and that there must be some element of fraud, unfairness, or oppression that accounts for and brings about the inadequacy of the sales price. *Cf. Nationstar Mortg., LLC v. Saticoy Bay LLC Series 2227 Shadow Canyon*, 133 Nev., Adv. Op. 91, 405 P.3d 641, 647-49 (2017) (reaffirming this rule). At trial, undisputed evidence was introduced that the foreclosure sale complied with NRS Chapter 116's notice provisions and that the foreclosed-upon lien included a superpriority

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted in this appeal.

18-10331

component. The only supposed evidence of fraud, unfairness, or oppression was (1) the HOA's CC&Rs contained a mortgage protection clause, and (2) the foreclosure notices included fees that had not been properly incurred by the HOA or its agent.[2] Although respondent's counsel argued that the mortgage protection clause may have led to chilled bidding, there was no actual evidence of bid chilling, and Jury Instruction 6 correctly informed the jury that counsel's arguments were not evidence that could be used in rendering its verdict.[3] *Cf. Nev. Ass'n Servs., Inc. v. Eighth Judicial Dist. Court*, 130 Nev. 949, 957, 338 P.3d 1250, 1255 (2014) (recognizing that "[a]rguments of counsel are not evidence and do not establish the facts of the case" (internal quotation and alteration omitted)). Similarly, although counsel argued that the notices' inclusion of improperly incurred fees was unfair, there was no actual evidence supporting how inclusion of those fees either misled respondent or otherwise brought about the low sales price. *Id.*

Accordingly, absent evidence that there was fraud, unfairness, or oppression that brought about the low sales price, there were no equitable grounds upon which the jury could have justified its conclusion that the foreclosure sale did not extinguish respondent's deed of trust.[4] *Nationstar*

---

[2]We presume that respondent is referring to the $200 management fee, the $450 yard maintenance fees, and the $75 demand letter fee when respondent observes without explanation that there were "improprieties" and "other irregularities" with the foreclosure sale.

[3]To the extent there was any evidence regarding bidding at the sale, Paul Pawlik's testimony supported an inference that there was no bid chilling. In particular, he testified there "was very spirited and competitive" bidding wherein he placed a $20,300 winning bid for the property when bidding opened at roughly $4,000.

[4]It appears that the jury may have been persuaded by respondent's counsel's argument that unfairness existed by virtue of respondent losing its security interest even though appellant paid a relatively nominal

SUPREME COURT
OF
NEVADA

(O) 1947A

*Mortg.*, 133 Nev., Adv. Op. 91, 405 P.3d at 647-49. Accordingly, appellant was entitled to a judgment as a matter of law that the foreclosure sale extinguished respondent's deed of trust.[5] *See* NRCP 50(a)(1) (providing that judgment as a matter of law is appropriate when the nonmoving party "has been fully heard on an issue and on the facts and law [the nonmoving] party has failed to provide a sufficient issue for the jury"); *SFR Invs.*, 130 Nev. at 758, 334 P.3d at 419. In light of the foregoing, we

ORDER the judgment of the district court REVERSED AND REMAND this matter to the district court for proceedings consistent with this order.

_____, J.
Cherry

_____, J.
Parraguirre

_____, J.
Stiglich

cc:  Hon. Joseph Hardy, Jr., District Judge
     Noggle Law PLLC
     Akerman LLP/Las Vegas
     Eighth District Court Clerk

---

amount for the property. Counsel's argument in that regard is not consistent with Nevada law. *See SFR Invs. Pool 1, LLC v. U.S Bank, N.A.*, 130 Nev. 742, 758, 334 P.3d 408, 419 (2014) (observing that an HOA's proper foreclosure of a lien comprised of unpaid periodic assessments extinguishes a deed of trust).

[5]In light of this conclusion, we need not consider the parties' arguments regarding whether appellant was a bona fide purchaser.

SUPREME COURT
OF
NEVADA

(O) 1947A